UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


CEDRIC RICHMOND & RAQUEL                      CIVIL ACTION
RICHMOND

V.                                            NO. 18-7453

NATIONAL GYPSUM SERVICES
COMPANY & LOWE'S HOME                         SECTION "F"
IMPROVEMENT CENTERS, INC.


ORDER AND REASONS

Before the Court is Lowe's Rule 12(b)(6) motion to dismiss,
on the ground that the plaintiffs' claims against it are barred by
*res judicata*. For the following reasons, the motion is GRANTED,
and the plaintiffs' claimed are DISMISSED with prejudice. In
addition, the plaintiffs are ordered to reimburse Lowe's for its
attorneys' fees, litigation expenses, and costs incurred in
enforcing its injunction against the plaintiffs.

**Background**

This lawsuit arises out of the purchase and installation of
Chinese drywall in a residence located in New Orleans, Louisiana
following Hurricane Katrina.

In October of 2006, Cedric and Raquel Richmond purchased a
residence located at 7021 Cove Drive in New Orleans that had
sustained water damage during the storm. At the time of the
purchase, the water-damaged drywall had been removed, but new
drywall had not yet been installed. The following year, the

1

property underwent renovations, including the installation of new drywall. Cedric Richmond, acting as general contractor, purchased approximately 180-190 sheets of drywall from Lowe's stores located in New Orleans.[1] After the renovations were complete, Mr. Richmond moved into the property and resided there until mid-2014 when he began renting out the property.

Meanwhile, on June 14, 2010, Glen Vereen filed suit in the Superior Court of Muscogee County Georgia against Lowe's for damages caused by allegedly defective drywall. Vereen amended his complaint on July 23, 2010, proposing to bring the action on behalf of himself and all others similarly situated nationwide. Just a few days later, on July 27, 2010, the Georgia state court issued a preliminary order certifying a nationwide putative class action for settlement purposes and ordering the issuance of notices. Thereafter, on November 28, 2010, the plaintiffs and defendants entered into a Supplemental Amendment to Class Action Settlement Agreement. After holding a fairness hearing the following year, the Superior Court of Muscogee County Georgia ultimately issued a Final Order and Judgment on January 11, 2012, certifying the following class:

> Any Person in the United States, who, during the Class Period [from the beginning of time through July 27, 2010], purchased, installed

---

[1] During the renovation process, Mr. Richmond secured a Builder's Risk insurance policy from Louisiana Citizens Property Insurance Corporation, which expired in 2007.

or had installed on real property Defective Drywall or were owners and/or residents on such real property. Excluded from the Class shall be the following:
(i) All persons who during the Class Period were officers, directors, or employees of the Company, and
(ii) All persons currently serving as judges or justices in the State Courts of Georgia and the members of their immediate family.

The Settlement Agreement, which was incorporated into the Final Order and Judgment, defined the released claims as follows:

[A]s of the Final Effective Date, **the Representative Plaintiff, and all Settlement Class members who have not properly and timely excluded themselves from the Class . . . do hereby expressly and irrevocably waive, release, and forever discharge the Company . . . from any and all claims**, demands, complaints, disputes, causes of action, rights of action, suits, debts, liabilities, obligations, and damages of every nature whatsoever, including but not limited to personal injury or property damages, economic, compensatory or punitive damages, fines, costs, repair or replacement damages, subrogation, or indemnity claims, whether based on federal, state, or local law, statute, ordinance, regulation, warranty, tort law, product liability law, common law, equity, private contract, agreement, or any other authority or basis whatsoever (collectively, "Claims"), **whether known or unknown, asserted or unasserted, patent or latent, that the Releasing Parties now have, ever had, or may in the future have, arising out of, resulting from, or relating in any way to allegedly Defective Drywall.**[2]

---

[2] The <u>Vereen</u> judgment also includes a "permanent injunction," which enjoins class members who failed to timely opt out of the class from prosecuting an action against Lowe's for released claims. Moreover, the judgment provides for an award of attorneys' fees in

(Emphasis added).

Some five years after the <u>Vereen</u> judgment was entered, in the Spring of 2017, the Richmonds attempted to sell their property. During that process, a home inspector first alerted them to the possibility that the property contained "Chinese drywall." In response, the Richmonds retained Driskill Environmental Consultants, LLC to conduct another inspection. On June 14, 2017, Driskill inspected the residence and issued a report stating that there was "extensive, advanced corrosion to copper ground wiring, copper pipe water supply lines, and the A/C evaporator coils." The report concluded that a majority of the drywall installed in the property was defective and that removal was required.

On June 14, 2018, the Richmonds sued National Gypsum Services Company (the alleged manufacturer of the drywall); Lowe's Home Center, Inc.; and Louisiana Citizens Property Insurance Corporation in the Civil District Court for the Parish of Orleans, asserting redhibition and negligence claims against National Gypsum and Lowes's, a products liability claim against National

---

the event a class member violates this injunction. The <u>Vereen</u> judgment stipulates:

> Any Releasee who must seek from the Court compliance of a Releasor who is in violation of this injunction is entitled to reimbursement of his or her attorneys' fees, litigation expenses, and costs incurred as a result of seeking such compliance.

Gypsum, and insurance coverage claims against Louisiana Citizens. National Gypsum timely removed the lawsuit to this Court on August 6, 2018, after which the plaintiffs moved to remand. On October 3, 2018, this Court denied the plaintiffs' motion and dismissed Louisiana Citizens without prejudice.

Lowe's now moves to dismiss the plaintiff's claims against it under Federal Rule of Civil Procedure 12(b)(6). Lowe's contends that the plaintiffs' claims are barred by *res judicata*, in light of the Superior Court of Muscogee County Georgia's Final Order and Judgement in <u>Vereen v. Lowe's Home Centers, Inc.</u>, Civil Action File No. SU10-CV-2267B.

I.

A.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a party to move for dismissal of a complaint for failure to state a claim upon which relief can be granted. Such a motion is rarely granted because it is viewed with disfavor. <u>See</u> <u>Lowrey v. Tex. A & M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997) (quoting <u>Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.</u>, 677 F.2d 1045, 1050 (5th Cir. 1982)).

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678-79 (2009)(citing Fed. R. Civ. P. 8).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Id.</u> at 678 (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

In considering a Rule 12(b)(6) motion, the Court "accept[s] all well-pleaded facts as true and view[s] all facts in the light most favorable to the plaintiff." <u>See</u> <u>Thompson v. City of Waco, Texas</u>, 764 F.3d 500, 502 (5th Cir. 2014) (citing <u>Doe ex rel. Magee v. Covington Cnty. Sch. Dist. ex rel. Keys</u>, 675 F.3d 849, 854 (5th Cir. 2012)(en banc)). But, in deciding whether dismissal is warranted, the Court will not accept conclusory allegations in the complaint as true. <u>Id.</u> at 502-03 (citing <u>Iqbal</u>, 556 U.S. at 678).

To survive dismissal, "'a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" <u>Gonzalez v. Kay</u>, 577 F.3d 600, 603 (5th Cir. 2009)(quoting <u>Iqbal</u>, 556 U.S. at 678)(internal quotation marks omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 556 U.S. at 678 ("The plausibility

standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."). This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. at 678 (internal quotations omitted) (citing Twombly, 550 U.S. at 557). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'", thus, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (alteration in original) (citation omitted).

*B.*

Lowe's contends that the plaintiffs failed to state a claim upon which relief can be granted because their claims are barred by *res judicata*, in light of the Superior Court of Muscogee County Georgia's Final Order and Judgment in Vereen v. Lowe's Home Centers, Inc., Civil Action File No. SU10-CV-2267B. Generally, *res judicata* is an affirmative defense that should not be raised in a 12(b)(6) motion to dismiss. See Am. Realty Tr., Inc. v. Hamilton Lane Advisors, Inc., 115 F. App'x 662, 664 n.1 (5th Cir. 2004). However, where the requirements of the *res judicata* defense appear in the pleadings and in documents subject to judicial

notice, the defense may be raised in a 12(b)(6) motion. Hall v. Hodgkins, 305 F.App'x, 224, 227-28 (5th Cir. 2008) ("If, based on the facts pleaded and judicially noticed, a successful affirmative defense appears, then dismissal under Rule 12(b)(6) is proper."). In deciding a 12(b)(6) motion, it is appropriate "to take judicial notice of matters of public record." Id. (quoting Norris v. Hearst Tr., 500 F.3d 454, 461 n.9 (5th Cir. 2007)).

In this case, Lowe's urges the Court to consider the *res judicata* defense in its 12(b)(6) motion to dismiss. Because the viability of this defense can be assessed by reference to the facts pleaded in the plaintiffs' petition, as well the records filed in the Vereen class action, of which this Court may take judicial notice, the Court may consider this *res judicata* defense without converting the motion into one for summary judgment. See id.

## II.

### *A.*

"The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the full faith and credit statute," codified at 28 U.S.C. § 1738. Marrese v. Am. Acad. of Orthopedic Surgeons, 470 U.S. 373, 380 (1984). Section 1738 requires "a federal court to refer to the preclusion law of the state in which the judgment was rendered." Id.; see also Prod. Supply Co. v. Fry Steel, Inc., 74 F.3d 76, 78 (5th Cir. 1996)("A federal court asked to give res judicata effect to a state court

8

judgment must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation.") (citations omitted). Notably, that a judgment results from "a class action, rather than a suit brought by an individual, does not undermine the initial applicability of § 1738." Matsushita Elec. Indus., Co. v. Epstein, 516 U.S. 367, 373-74 (1996). Because Lowe's asks this Court to give *res judicata* effect to a judgment rendered by a Georgia state court, Georgia *res judicata* law governs this Court's analysis.

*B.*

As a threshold matter, the plaintiffs contend that the Vereen court lacked personal jurisdiction over their claims, such that their claims against Lowe's are not barred by *res judicata*. To support this contention, the plaintiffs point to Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County, 137 S. Ct. 1773 (2017), in which the Supreme Court held that a state court's exercise of specific personal jurisdiction over the claims of non-resident plaintiffs violated the Fourteenth Amendment. In that case, six hundred plaintiffs sued a pharmaceutical company in California, asserting claims for injuries arising from a particular drug. Id. at 1777. Because the defendant corporation was not "at home" in California, the exercise of general jurisdiction was not available, and principles of specific jurisdiction controlled. Id. at 1778-81. Emphasizing

that a state court can exercise specific jurisdiction only where the suit arises out of, or relates to, the defendant's contacts with the forum, the Court went on to find that there was no connection between the forum state and the nonresidents' claims; the nonresidents were not prescribed the drug in California, did not purchase or ingest it in California, and were not injured by the drug in that state. Id. at 1781-82. Accordingly, the Court concluded that the state court could not exercise specific jurisdiction over the non-residents' claims against the defendant, given the absence of a link between those claims and the state. Id. In so holding, the Court reasoned that "a defendant's relationship with a . . . third party, standing alone, is an insufficient basis for jurisdiction." Id. at 1781 (quoting Walden v. Fiore, 571 U.S. 277, 286 (2014)).

Analogizing their situation to that presented in Bristol-Myers, the plaintiffs contend that the Vereen court identified no link between the state of Georgia and the absentee nonresidents' claims. It was not established, they submit, that any of the nonresident class members purchased the defective drywall in Georgia, shipped it to or from Georgia, installed the drywall in Georgia, or were injured by the drywall there. Ultimately, the plaintiffs aver, the fact that the claims of other plaintiffs related to Lowe's contacts with Georgia was insufficient for the Vereen court to exercise specific jurisdiction over their own

claims.  Accordingly, they submit that the Vereen judgment is not
binding upon them.

Notably, the plaintiffs overlook that Bristol-Myers was not
a class action lawsuit.  Instead, six hundred named plaintiffs
filed suit against a single defendant.  See id. at 1777.  In her
dissent in Bristol-Myers, Justice Sotomayor recognized that the
majority did not indicate whether its holding would apply to class
actions.  See id. at 1789 n.4 (Sotomayor, J., dissenting) ("The
Court today does not confront the question whether its opinion
here would also apply to a class action in which a plaintiff
injured in the forum State seeks to represent a nationwide class
of plaintiffs, not all of whom were injured there.").  Although
this Court is obliged to follow Georgia's *res judicata* principles
in analyzing the Vereen judgment, Georgia state courts have not
yet grappled with this unresolved question of law.  And while the
Fifth Circuit has not done so either, two other Sections of this
Court have addressed the issue, declining to extend the holding of
Bristol-Meyers to class actions.  See Casso's Wellness Store &
Gym, L.L.C. v. Spectrum Lab Prods., No. 17-2161, 2018 U.S. Dist.
LEXIS 43974, at *14 (E.D. La. Mar. 19, 2018) (Engelhardt, J.)
("[T]he Court does not construe Bristol-Myers as barring its
exercise of jurisdiction over the purported nonresident

plaintiffs' claims in the instant putative class action.")[3]; In re Chinese-Manufactured Drywall Prods. Liab. Litig., No. 09-2047, 2017 U.S. Dist. LEXIS 197612, at *45 (E.D. La. Nov. 30, 2017) (Fallon, J.) ("[Bristol-Myers] does not speak to or alter class action jurisprudence.").

This Court agrees that Bristol-Myers should not be read to bar the exercise of jurisdiction over nonresident plaintiffs' claims in a class action. Here, Glen Veneer, the plaintiff named in the class action complaint, alleged that he was a resident of Georgia who installed defective drywall from Lowe's in his Georgia home. Because the claims of the named plaintiff "are relevant to the personal jurisdiction inquiry" in a class action, the Vereen court properly exercised specific jurisdiction over Glen Veneer's claims, as well as those of the non-resident class members he represented. See Casso's Wellness Store & Gym, L.L.C., No. 17-

_____

[3] In Casso's Wellness Store & Gym, L.L.C. v. Spectrum Lab Products, Judge Engelhardt distinguished a "mass action" from a "class action" as follows:

> Unlike Bristol-Myers, which involved a mass tort action where each plaintiff was a named plaintiff, in a putative class action, the plaintiff seeking to represent the class is the only plaintiff named in the complaint, and his claims—not the unnamed non-resident members—are relevant to the personal jurisdiction inquiry.

Id. at *13-14.

2161, 2018 U.S. Dist. LEXIS 43974, at *13-14. Accordingly, the
Vereen court properly exercised personal jurisdiction over the
Richmonds' claims.

*C.*

The Court next turns to Georgia's *res judicata* law to
determine whether the Vereen judgment bars the plaintiffs' claims
against Lowe's. Georgia Code Annotated § 9-12-40, which codifies
Georgia's *res judicata* law, provides:

> A judgment of a court of competent
> jurisdiction shall be conclusive between the
> same parties and their privies as to all
> matters put in issue or which under the rules
> of law might have been put in issue in the
> cause wherein the judgment was rendered until
> the judgment is reversed or set aside.

In interpreting this statute, the Georgia Supreme Court has
clarified that "three prerequisites must be satisfied before res
judicata applies – (1) the identity of the cause of action, (2)
identity of the parties or their privies, and (3) previous
adjudication on the merits by a court of competent jurisdiction."
Coen v. CDC Software Corp., No. S17G1375, 2018 Ga. LEXIS 460, at
*14 (Ga. 2018).

First, to determine whether there is an "identity of the cause
of action," Georgia courts consider "the entire set of facts" that
give rise to the claim and focus upon the "wrong" asserted. Id.
at *2. In this case, the claims of the Vereen plaintiffs and the
Richmonds arise out of the same set of facts – the purchase and

13

installation of allegedly defective drywall from Lowe's – and are based upon the same "wrong" – Lowe's sale of defective drywall. Accordingly, the Court finds that the first prerequisite under Georgia *res judiciata* law is met.

Second, to satisfy the "identity-of-parties" requirement, "the alignment of the parties as adversaries must be the same in both suits." Bostick v. CMM Props., 772 S.E.2d 671, 673 (Ga. 2015). In other words, "the plaintiff and the defendant in the subsequent action must have been adversaries in the prior suit." Id. Where the prior suit involves a class action settlement, as here, an identity of parties exists if the "plaintiffs were members of the [] class and did not opt out." See Smith v. Airtouch Cellular of Ga., 534 S.E.2d 832, 837 (Ga. Ct. App. 2000).

Accordingly, to determine whether an identity-of-parties exists here, the Court must first decide whether the Richmonds are members of the Vereen class. Pursuant to the Vereen judgment, a class member is:

> Any Person in the United States, who, during the Class Period [from the beginning of time through July 27, 2010], purchased, installed or had installed on real property Defective Drywall or were owners and/or residents on such real property.

A review of the Richmonds' petition reveals that they fit neatly within this definition. The Richmonds purchased their property in October of 2006 and performed renovations the following

14

year.  During that time, Mr. Richmond, serving as general
contractor, purchased approximately 180-190 sheets of drywall from
Lowe's stores located in New Orleans.  After the renovations were
complete, which occurred before 2010, the plaintiffs moved into
the property and resided there.  Because the Richmonds, before
July 27, 2010, purchased allegedly defective drywall from Lowe's
and installed it in the property in which they owned and resided,
they are members of the Vereen class.  That they did not know about
the defective drywall until the Spring of 2017, after the class
period had ended, is of no moment.  Moreover, because the Richmonds
did not opt out of the Vereen class, they were adversaries to
Lowe's in that action.  And they are directly adverse to Lowe's in
this suit.  Accordingly, the second prerequisite of Georgia's *res
judicata* law is also satisfied.

Third, the Court must determine whether the Vereen Final
Judgment and Order constitutes a "previous adjudication on the
merits by a court of competent jurisdiction."  Coen, No. S17G1375,
2018 Ga. LEXIS 460, at *14.  Importantly, the Georgia Supreme Court
has held that this element "does not require that the litigation
should be determined on the merits."  Piedmont Cotton Mills v.
Woelper, 498 S.E.2d 255, 256 (Ga. 1998) (citations omitted).
Rather, it is sufficient if the "parties might have had their suit
thus disposed of, if they had properly presented and managed their
respective cases."  Id. (citations omitted).  Indeed, a class

15

action settlement sought to be enforced against absent class members constitutes an adjudication on the merits for purposes of *res judicata*. See <u>Airtouch Cellular of Ga.</u>, 534 S.E.2d at 836 (recognizing that a court, in approving a class action settlement, makes an adjudication on the merits when it determines that the settlement is fair to the class).

Here, in approving the <u>Vereen</u> class action settlement, the Georgia state court performed an "adjudication on the merits" by determining that the "terms and provisions of the Settlement Agreement and the Amendment . . . [were] entered into in good faith and [we]re fair, reasonable and adequate as to, and in the best interest of, each of the Parties and Class Members." Accordingly, all three prerequisites under Georgia *res judicata* law are satisfied.

*D.*

Finally, the Court must determine whether the <u>Vereen</u> class action settlement afforded the Richmonds adequate due process. In order for an absent class member to be bound by a judgment, he must be provided "minimal procedural due process protection." <u>Phillips Petroleum Co. v. Shutts</u>, 472 U.S. 797, 811-12 (1985). "To satisfy procedural due process for absent class members and to bind them by judgment, there must be only (1) notice and reasonable opportunity to be heard; (2) opportunity to opt out of the proceeding; and (3) adequate class representation." <u>Airtouch</u>

16

<u>Cellular of Ga.,</u> 534 S.E.2d at 835. Once the class action court "has decided that the due process protections occurred, the issue may not be re-litigated." <u>In re Chinese-Manufactured Drywall Prods. Liab. Litig.</u>, No. 09-02047, 2018 U.S. Dist. LEXIS 21561, at *18 (E.D. La. Feb. 9, 2018).

In their opposition papers, the plaintiffs contend that the <u>Vereen</u> class action settlement did not provide them with adequate due process protections. But, because the <u>Vereen</u> court determined that the due process protections for absent class members were satisfied, the issue cannot be re-litigated. <u>See</u> <u>id.</u> Nonetheless, even if the due process issue could be re-litigated, the plaintiffs' challenges would fail. The Court considers each due process condition in turn.

First, Georgia law requires a class action court to provide class members with "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Ga. Code Ann. 9-11-23(c)(2).[4] In rendering its Final Order and Judgment, the <u>Vereen</u>

---

[4] Georgia law is consistent with federal law in requiring "best notice practicable." Federal Rule of Civil Procedure 23(c)(2)(B) provides:

> For any class certified under Rule 23(b)(3), the court must direct to class members the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort.

court found that the notice provided to class members "was in full compliance with [Georgia law] and the constitutional requirements of due process." According to the <u>Vereen</u> judgment, "[e]xtensive notice was provided to the class, including point of sale notification, publication notice and notice by first-class mail for certain potential Class Members."[5] In concluding that the Notice Plan "constituted the best practicable notice to Class Members under the circumstances," the <u>Vereen</u> court relied on the affidavit of a notice expert, as well as guidelines for effective notice articulated in the FJC's <u>Manual for Complex Litigation</u>.

In their opposition papers, the plaintiffs contend that notice was inadequate because "notice was not sent to individual class members via first class mail, as is customary in consumer

---

In interpreting this standard, another Section of this Court, in <u>In re Chinese-Manufactured Drywall Prods. Liab. Litig.</u>, No. 09-02047, 2018 U.S. Dist. LEXIS 21561, at *18-19 (E.D. La. Feb. 9, 2018), emphasized that "[d]ue process does not require actual notice to every single class member." (citing <u>Cepriano v. B Square Builders, L.L.C.</u>, 2014-1568 (La. App. 1 Cir. 4/24/15); 170 So. 3d 1043, 1050).

[5] More than 100 million point of sale notifications were "hand delivered" to Lowe's customers; these notices contained a description of the nature of the action and settlement class, information regarding the fairness hearing, and information regarding the procedures for opting-out and objecting to the settlement. In addition, publication notices were printed in <u>People Magazine</u>, <u>Parade Magazine</u>, <u>USA Weekend</u>, and <u>National Geographic Magazine</u>. These notices included exclusion and objection deadlines, as well as the Settlement Administrator's website address and telephone number.

class action cases."  To support this contention, the plaintiffs invoke Shutts, 472 U.S. at 801, in which the Supreme Court noted that "[a]fter the class was certified respondents provided each class member with notice through first-class mail."  The Richmonds concede that "best notice practicable" – not individual notice – is all that due process requires.  Nonetheless, they submit, "*if Lowe's had records from which it could have identified individual potential class members, wouldn't sending them notice via first class mail . . . constitute the best notice practicable?*" (emphasis added).  In other words, the plaintiffs challenge the sufficiency of notice solely on the basis of a hypothetical.  In light of the Veneer court's careful examination of the "extensive" Notice Plan, this Court defers to its finding that adequate notice was provided to Veneer class members.

Although it is undisputed that the second due process condition was satisfied, in that class members were afforded an opportunity to opt out of the settlement, the plaintiffs challenge the Vereen court's determination as to the third condition – adequacy of representation.  The Richmonds contend that the mere fact that a nationwide class action was filed and then preliminarily certified for settlement purposes in less than six weeks makes "it appear[]" like there was an intent to deny some class members an opportunity to participate in the settlement.  Again, this challenge is based upon speculation and not supported

by case law. Because the Vereen "court conducted a thorough analysis of the representation and found that the designated class representatives were appropriate, and they fairly and adequately represented the interests of *all* class members," this Court "defer[s] to the Georgia court's decision that the class representation and the Vereen class action settlement comported with due process by adequately representing absent class members." See Cepriano v. B Square Builders, L.L.C., 2014-1568 (La. App. 1 Cir. 4/24/15); 170 So. 3d 1043, 1049.

Because the prerequisites of *res judicata* under Georgia law, as well as the due process dictates, are met, the Richmonds – as members of the Vereen class – are bound by the release language in the Vereen judgment, and their claims against Lowe's are barred by *res judicata*.[6]

---

[6] The Vereen Final Order and Judgment provides in pertinent part:

> [A]s of the Final Effective Date, the Representative Plaintiff, and all Settlement Class members who have not properly and timely excluded themselves from the Class . . . do hereby expressly and irrevocably waive, release, and forever discharge the Company . . . from any and all claims . . . whether known or unknown, asserted or unasserted, patent or latent, that the Releasing Parties now have, ever had, or may in the future have, arising out of, resulting from, or relating in any way to allegedly Defective Drywall.

In addition, by prosecuting this action, the Richmonds have violated the directive of the permanent injunction set forth in the <u>Vereen</u> judgment. Specifically, Paragraph 13 of the judgment provides:

> All Class Members who have not been timely excluded from the Class . . . are hereby permanently barred and enjoined from (i) filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the claims and causes of action that have been, may be, or could have been set forth or raised in the Action, the Released Claims, and/or the acts and circumstances relating thereto . . . . **Any Releasee who must seek from the Court the compliance of a Releasor who is in violation of this injunction is entitled to reimbursement of his or her or its attorneys' fees, litigation expenses, and costs incurred as a result of seeking such compliance.**

(Emphasis added). Because Lowe's (the "Releasee") has been required to seek judicial enforcement of this injunction against the Richmonds (the "Releasors"), Lowe's is entitled to reimbursement for its "attorneys' fees, litigation expenses, and costs incurred as a result of seeking such compliance."

Accordingly, for the foregoing reasons, IT IS ORDERED: that Lowe's Rule 12(b)(6) motion to dismiss is hereby GRANTED, and the plaintiffs' claims against Lowe's are hereby DISMISSED with prejudice. IT IS FURTHER ORDERED: that Lowe's is entitled to

reimbursement for its attorneys' fees, litigation expenses, and costs incurred in enforcing its injunction against the plaintiffs, to be decided by the Magistrate Judge.  The plaintiffs' claims against National Gypsum remain before the Court.

New Orleans, Louisiana, October 16, 2018

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE